IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| RONALD TRIBBLE, | Civ. No. 6:20-cv-00181-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| SURFACE PREPARATION SYSTEMS, INC.; SURFACE LLC; SURFACE WORLDWIDE, LLC; SURFACE HOLDINGS, LLC; RONALD BENSON; DLS FACTORY CONSULTING LLC; ROTO GRIT LLC, | |
| Defendants. | |

AIKEN, District Judge.

This matter comes before the Court on Defendant Roto Grit LLC's Motion to Certify Order for Interlocutory Appeal and Stay Case Pending Appeal, ECF No. 64. The Court concludes this motion is appropriate for resolution without oral argument. For the reasons set forth below, the motion is DENIED.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1291, appellate review is available only after a final judgment has been entered by a district court. However, Congress created a narrow exception to this rule, authorizing district courts to certify an order for interlocutory appeal if: (1) the "order involves a controlling question of law;" (2) there is "substantial

ground for difference of opinion;" and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b) (2020); *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982), *aff'd sub nom Arizona v. Ash Grove Cement Co.*, 459 U.S. 1190 (1983). The requirements of § 1292(b) are jurisdictional and a district court may not certify an order for interlocutory appeal if all three are not met. *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). The party seeking certification bears the burden of showing exceptional circumstances justifying a departure from the "basic policy of postponing appellate review until after entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

Congress did not intend district courts to certify interlocutory appeals "merely to provide rulings in hard cases." *United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966). Rather, certification pursuant to 28 U.S.C. § 1292(b) is reserved for "the most extraordinary situations." *Penk v. Or. State Bd. of Higher Educ.*, 99 F.R.D. 508, 509 (D. Or. 1982). "Even when all three requirements are satisfied, the district court retains unfettered discretion to deny a motion to certify for interlocutory review." *Hunter v. Legacy Health*, Case No. 3:18-cv-02219-AC, 2021 WL 4238991, at *5 (D. Or. April 13, 2021).

## DISCUSSION

Defendant Roto Grit LLC seeks certification for interlocutory appeal of this Court's denial of Roto Grit's motion to dismiss. The facts of this case are set forth in

detail in the Court's prior Opinion & Order ("O&O"), ECF No. 61, and will not be reproduced here.

## I.    Controlling Question of Law

A "question of law" is "controlling" under § 1292(b) if resolving it on appeal could materially affect the outcome of litigation in the district court. *In re Cement Antitrust Litig.*, 673 F.2d at 1026. The Ninth Circuit rejected the "view that a question is controlling if it is one the resolution of which may appreciably shorten the time, effort, or expense of conducting a lawsuit," noting such a view "essentially read[s] the 'controlling question of law' requirement out of section 1292(b)." *Id.* at 1027.

Roto Grit requests certification of the question of "whether its purchasing assets from a third party makes it so closely related to the seller that it was foreseeable that it would be bound by a forum selection clause entered into by the seller and another party." The question, as presented, is a substantial mischaracterization of the Court's prior ruling. As set forth at some length in the O&O, Roto Grit's conduct went well beyond merely "purchasing assets from a third party" and it was through that conduct that Roto Grit inserted itself into the larger contractual relationship between Plaintiff and the Benson-Surface Defendants. In addition, "foreseeability" is not part of the "closely related" test articulated by the Ninth Circuit in *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988) and Roto Grit has not provided any Ninth Circuit or federal district court cases where foreseeability was considered as part of the "closely related"

analysis. Certifying the question presented by Roto Grit in its motion would not yield valuable guidance because the proposed question is not connected to the Court's actual ruling or the applicable legal standard.

Even assuming Roto Grit's question could be reframed into some formulation that more accurately reflected the Court's ruling and went to a controlling question of law, the Court would still decline to certify the question for the reasons discussed in the following section.

## II. Substantial Grounds for Difference of Opinion

To determine if a "substantial difference of opinion" exists under § 1292(b), courts must examine to what extent the controlling law is unclear. Courts traditionally will find a substantial ground for difference of opinion exists where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated question arise under foreign law, or if novel and difficult questions of first impression are presented." *Couch*, 611 F.3d at 633. "Just because counsel contends that one precedent, rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." *Id*. at 633. Additionally, "a party's strong disagreement with the Court's ruling is not sufficient for there to be a substantial ground for difference," and the mere possibility that "settled law might be applied differently does not establish a substantial ground for difference of opinion." *Id*. (internal quotation marks and citations omitted, alterations normalized).

In this case, Roto Grit asserts that there are substantial grounds for a difference of opinion based on the decision of a New York state trial court holding that a non-signatory "is considered closely related when the enforcement of the clause is foreseeable by virtue of the relationship between them," and dismissing claims against a member of a company's board who was not part of the board when the disputed contract was signed. *Pegasus Strategic Parts., LLC v. Stroden*, No. 653523/2015, 2016 WL 3386980, at *3-4 (N.Y. Sup. June 20, 2016) (internal quotation marks and citation omitted).

*Pegasus* is a New York state court decision applying New York law. *Pegasus* does not provide any basis to deviate from the Ninth Circuit and federal district court decisions applied in the O&O, nor will it suffice to establish substantial grounds for a difference of opinion.

Roto Grit also cites to *AMA Multimedia, LLC v. Sagan Ltd.*, 807 F. App'x 677, 679 (9th Cir. 2020) and *Tribank Capital Invests., Inc. v. Orient Paper, Inc.*, 523 F. App'x 484, 485-86 (9th Cir. 2013), in which the Ninth Circuit reversed district court decisions applying the *Manetti-Farrow* "closely related" test for failure to properly consider whether the conduct of the non-signatory parties rendered those parties subject to a forum selection clause.

These cases do not provide substantial grounds for difference of opinion, however, because this Court examined and discussed Roto Grit's conduct in some detail in its prior decision. O&O, at 14. The Court's consideration of Roto Grit's

conduct was consistent with the Ninth Circuit's holdings in both *AMA Multimedia* and *Tribank Capital*.

Roto Grit's dissatisfaction with the Court's ruling and its preference for a different outcome will not suffice to establish substantial grounds for difference of opinion.

### III.    Materially Advance Ultimate Termination of Litigation

Resolution of a question materially advances the termination of litigation if it "facilitate[s] disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later in order to save the courts and the litigants unnecessary trouble and expense." *United States v. Adams Bros. Farming, Inc.*, 369 F. Supp.2d 1180, 1182 (C.D. Cal. 2004) (internal quotation marks and citation omitted). "Where a substantial amount of litigation remains in this case, regardless of the correctness of the Court's ruling, arguments that interlocutory appeal would advance the resolution of this litigation are unpersuasive." *Hunter*, 2021 WL 4238991, at *12 (internal quotation marks and citations omitted, alterations normalized). As discussed in the previous sections, Roto Grit has failed to carry its burden on the other elements, rendering consideration of this final element superfluous. *See Couch*, 611 F.3d at 633 ("Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requitements are met).

Roto Grit's motion to certify is DENIED. As the Court has denied the request for certification of interlocutory appeal, the concurrent request to stay the case pending appeal is likewise DENIED.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Certify Order for Interlocutory Appeal and Stay Case Pending Appeal, ECF No. 64, is DENIED.

It is so ORDERED and DATED this ___6th___ day of October 2021.

                          /s/Ann Aiken
                          ANN AIKEN
                          United States District Judge