IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RONALD TRIBBLE**,<br><br>        Plaintiff,<br><br>    v.<br><br>**SURFACE PREPARATION SYSTEMS INC.**, a Minnesota corporation, **SURFACE LLC**, a Nevada entity, **SURFACE WORLDWIDE LLC**, a Nevada entity, **SURFACE HOLDINGS LLC**, a Nevada entity, **RONALD BENSON**, an individual, **DLS FACTORY CONSULTING LLC**, and **ROTO GRIT LLC**, a Wisconsin LLC,<br><br>        Defendants. | Case No. 6:20-cv-00181-IM<br><br>**OPINION AND ORDER GRANTING IN PART PLAINTIFF RONALD TRIBBLE'S MOTION FOR IMPOSITION OF SANCTIONS AGAINST DEFENDANT ROTO GRIT LLC** |

**SURFACE PREPARATION SYSTEMS INC.**, a Minnesota corporation, **SURFACE LLC**, a Nevada entity, **SURFACE WORLDWIDE LLC**, a Nevada entity, **SURFACE HOLDINGS LLC**, a Nevada entity, **RONALD BENSON**, an individual, and **ROTO GRIT LLC**, a Wisconsin LLC,

       Counter Claimants,

   v.

**RONALD TRIBBLE**,

       Counter Defendant.

**DLS FACTORY CONSULTING LLC**,

       Cross Claimant,

   v.

**SURFACE PREPARATION SYSTEMS INC.**, a Minnesota corporation, **SURFACE LLC**, a Nevada entity, **SURFACE WORLDWIDE LLC**, a Nevada entity, **SURFACE HOLDINGS LLC**, a Nevada entity, **RONALD BENSON**, an individual and **ROTO GRIT LLC**, a Wisconsin LLC,

       Cross Defendants.

**DLS FACTORY CONSULTING LLC**,

       Counter Claimant,

   v.

**RONALD TRIBBLE**,

       Counter Defendant.

Natalie C. Scott, Scott Law Group LLP, P.O. Box 70422, Springfield, OR 97475. Bruce C. Moore, Bruce C. Moore, PC, P.O. Box 11833, Eugene, OR 97440. Attorneys for Plaintiff and Counter Defendant Ron Tribble.

Michael B. Merchant, Britta E. Warren, and Matthew D. Colley, Black Helterline, LLP, 805 SW Broadway, Suite 1900, Portland, OR 97205-3359. William S. Woodward, von Briesen & Roper, s.c., 300 N. Broadway, Ste 2b, Green Bay, WI 54303. Attorneys for Defendants, Cross Defendants, and Counter Claimants Surface Preparation Systems Inc., Surface LLC, Surface Worldwide LLC, Surface Holdings LLC, and Roto Grit LLC.

**IMMERGUT, District Judge.**

As stated on the record at oral argument, this Court GRANTS in part Plaintiff Ron Tribble's Motion for Imposition of Sanctions Against Defendant Roto Grit LLC ("Pl.'s Mot."), ECF 146, and awards Plaintiff $9,473.00 in reasonable attorney's fees and costs. The Motion for Sanctions primarily stems from two facts: first, that both the Honorable Ann Aiken and this Court granted in part Plaintiff's Motion to Compel against Defendant Roto Grit, ECF 109, and second, that this Court granted Plaintiff's Motion to Enforce Judge Aiken's original ruling. *See* Minutes of Proceedings, ECF 117; Minutes of Proceedings, ECF 136.

Defendant Roto Grit concedes that an award of expenses and attorneys' fees is mandatory because Plaintiff's Motion to Compel was granted. *See* Defendant Roto Grit's Response ("Resp."), ECF 146 at 22. Defendant contends, however, that the failure to produce documents was substantially justified and that therefore any award would be unwarranted. *Id.*; *see* Fed. R. Civ. P. 37(a)(5)(A). Defendant's arguments are unavailing. First, in Defendant's view, its assertion of attorney-client privilege over disputed emails was reasonable, but this is belied by the record. Resp., ECF 146 at 23. Since Attorney Gary Solomon's deposition in February 2022, ECF 126, Ex. 28, it has been clear that Attorney Solomon and Attorney William Woodward represented separate clients before the December 2019 Asset Purchase Agreement. Thus, no privilege attached to emails including both of them. Defendant Roto Grit fails to raise any other

PAGE 3 – OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SANCTIONS

legal grounds for protection of those group emails. Second, Defendant Roto Grit asserts that Plaintiff's discovery requests were overbroad, Resp., ECF 146 at 24; though this may be true, the requests were substantially granted, and overbreadth is more appropriately addressed by apportionment, not by the denial of an award of costs and fees altogether. Third, Plaintiff's requests, Defendant maintains, did not properly explain the relevance of any requested financial documents, *id.* at 24–25, but this Court already rejected this argument in granting Plaintiff's Motions to Compel and Enforce. In sum, given Defendant's concession that an award of fees and costs is mandatory, and its lack of substantial justification for its failures in discovery, this Court awards Plaintiff attorney's fees and costs related to the Motion to Compel.

For the reasons above, and because this Court previously found that Defendant Roto Grit also violated Judge Aiken's discovery orders, this Court also awards Plaintiff attorney's fees and costs related to Plaintiff's Motion to Enforce Judge Aiken's discovery order. Not only was Defendant a day late in complying with Judge Aiken's order issued on September 28, 2022, ECF 140 ¶¶ 22–23; ECF 93, Defendant did not comply fully with Judge Aiken's order granting in part Plaintiff's Motion to Compel, ECF 117. In light of these facts, Defendant Roto Grit precipitated additional costs that Plaintiff should not have incurred.[1]

This Court, however, will not grant Plaintiff the full $50,000 figure he requests; it will instead award $9,473.00 in attorney's fees and costs.[2] The starting point for this Court's

---

[1] Beyond the discovery violations reiterated by this Court above, this Court is unable to determine how onerous Defendant Roto Grit's production in discovery was. Thus, it would be inappropriate for this Court to award additional attorney's fees in contravention of the presumption against such awards. *See Peter v. NantKwest, Inc.*, 140 S. Ct. 365, 370 (2019).

[2] This is in line with Defendant Roto Grit's concession that if its failures in discovery were not substantially justified, it would owe Plaintiff $8,203.00. *See* Resp., ECF 146 at 26. And Defendant Roto Grit did "not contest the reasonableness of" Plaintiff's "hourly rate." *Id.*

PAGE 4 – OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SANCTIONS

calculation is that, as Plaintiff himself alleges, he has spent $31,833.85 in attorney's fees and costs related to his Motions to Compel, Enforce, and Sanction. ECF 140 ¶ 63. But these costs include those incurred in dealing with third parties and Defendant Benson—these costs cannot be attributed to Defendant Roto Grit. Moreover, Plaintiff included fees and costs for all conferral with Defendants, but conferral is generally part-and-parcel of discovery. *See* LR 26-3. So this Court cannot grant all of those fees and costs; it can grant only those for conferral in advance of the filing of the Motions to Compel, Enforce, and Sanction. After reviewing Plaintiff's billing entries, this Court finds that Plaintiff spent $14,209.50 on these three motions. Then, this Court takes two-thirds (2/3) of that amount because Judge Aiken and this Court granted Plaintiff's Motion to Compel in three out of four categories of information and then narrowed the breadth of the remaining three categories.

The final awardable number is $9,473.00. Defendant Roto Grit is ORDERED to provide that amount to Plaintiff within fourteen (14) days.[3]

**IT IS SO ORDERED.**

DATED this 13th day of December, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

---

[3] To be clear, pursuant to Rule 37(a)(5)(A), (b)(2)(C), this Court's order of attorney's fees and costs will be enforced exclusively against Defendant Roto Grit and not its legal counsel.